UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BOBBY EUGENE ARNETT**                                                                                             **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:21-CV-P113-JHM**

**JAILER MIKE LEWIS** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

**I.**

Plaintiff Bobby Eugene Arnett is incarcerated as a pretrial detainee at the Hopkins County Jail (HCJ). He names as Defendants HCJ Jailer Mike Lewis and the HCJ.

Plaintiff first alleges that Defendants have endangered his health and safety by not testing inmates for hepatitis before allowing them to work in the jail kitchen. He asserts that as a result of this failure to test there are inmates working in the jail kitchen who have hepatitis. Plaintiff also alleges that Defendants violated his rights by recording over intake video surveillance footage from May 13, 2021, which was "vital" to his state-court criminal action because it showed his co-defendant "claiming responsibility for the current changes" that have resulted in his detainment.

As relief, Plaintiff seeks damages and "U.S.C. 2241."[1]

---

[1] The Court has already informed Plaintiff that he cannot seek habeas relief under 28 U.S.C. § 2241 in a § 1983 action, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and notes that Plaintiff has previously been sent a § 2241 packet.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's allegation concerning the lack of testing and inmates with hepatitis working in the jail kitchen as a Fourteenth Amendment claim related to his health and/or safety. The Sixth Circuit has "'historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims under the same rubric.'" *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). This rubric includes both an objective prong and a subjective prong. *Id*. To satisfy the objective prong under either the Eighth or Fourteenth Amendment, an inmate must show "that he is incarcerated

under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The *Brawner* court, however, changed the subjective prong of the standard for Fourteenth Amendment claims brought by pretrial detainees and held that a "modified" deliberate-indifference standard of recklessness now applies. *Id.*[2]

Upon review, the Court concludes that Plaintiff's allegations regarding his potential exposure to hepatitis at the jail fail to satisfy the objective prong of the standard because the Court cannot infer that this condition "creates a grave risk to Plaintiff's health that society does not choose to tolerate, such that it may violate his constitutional rights." *Lane v. Love*, No. 3:21-CV-346-RLJ-DCP, 2021 U.S. Dist. LEXIS 230032, at *11-12 (E.D. Tenn. Dec. 1, 2021) (holding that allegation that an inmate working in the kitchen has hepatitis is not a condition that rises to the level of a constitutional violation) (citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993)); *Adams v. Aramark*, No. CV 07-26-GF-SHE-RKS, 2008 U.S. Dist. LEXIS 125101 (D.C. Mont. Apr. 4, 2008) (holding no constitutional claim where the plaintiff alleged, among other conditions, that the prison

---

[2] The *Brawner* court explained the recklessness standard as follows:

> Mere negligence is insufficient. A defendant must have not only acted deliberately (not accidentally), but also recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known. *Farmer*, 511 U.S. at 836 []. A pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017) ("[T]he pretrial detainee must prove that the defendant-official acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."); *Griffith v. Franklin Cty.*, 975 F.3d 554, 589 (6th Cir. 2020) (Clay, J., concurring in part and dissenting in part) (explaining that a pretrial detainee must prove that the defendant acted "intentionally to ignore [her] serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the pretrial detainee, even though a reasonable official in the defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the pretrial detainee's health or safety").

*Id.* at 596-97.

4

failed to screen inmates who worked in the kitchen for hepatitis and, therefore, inmates with hepatitis worked in the kitchen).

Thus, because Plaintiff's hepatitis-related allegations fail to satisfy the objective component of the standard set forth above, the Court need not consider the subjective component, and will dismiss the claim for failure to state a claim upon which relief may be granted.

The Court next turns to Plaintiff's allegation that Defendants taped over video surveillance footage which would help Plaintiff prove his innocence in his state-court criminal action. "An inmate does not have a property interest in prison video footage." Pullen v. Broughton, No. 1:19-cv-811, 2020 U.S. Dist. LEXIS 261239, at *17 (S.D. Ohio July 27, 2020) (citing Berg v. Babcock, No. 18-cv-842-jdp, 2019 WL 3083070, at *6 (W.D. Wisc. May 29, 2019) (dismissing claim that destruction of video evidence violated inmate's Due Process right). Moreover, because Plaintiff has not shown that alleged destruction of exculpatory evidence cannot be addressed adequately by the state courts in his state-court criminal action, the Court concludes that this claim must also be dismissed for failure to state a claim upon which relief may be granted. See, e.g., Hunt v. City of Cleveland, 563 F. App'x 404, 410 (6th Cir. 2014) (dismissing claim based upon alleged destruction of evidence for this reason).

### IV.

For the reasons set forth above, the Court will dismiss this action by separate Order for failure to state a claim upon which relief may be granted.

Date: January 28, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Hopkins County Attorney
4414.011